UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ruth Sonnek,

Plaintiff,

v.

United States of America,

Defendant.

Civil No. 00-1070 (DWF/AJB)

**ORDER AND MEMORANDUM**

---

Reid G. Rischmiller, Esq., Rischmiller, Knippel & Aronson, 607 Marquette Avenue, Suite 302, Minneapolis, MN 55402, counsel for Plaintiff.

Friedrich Siekert, Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street South, Minneapolis, MN 55415, counsel for Defendant.

---

This matter is before the Court upon Defendant's objections to Magistrate Judge Arthur J. Boylan's Report and Recommendation dated July 10, 2001, recommending that Defendant's motion to dismiss or, in the alternative, to stay action be denied. The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

Based upon the Court's review of the record and arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Magistrate Judge Arthur J. Boylan's Report and Recommendation dated July 10, 2001 (Doc. No. 35), is **ADOPTED**.

2. Defendant's motion to dismiss or, in the alternative, to stay action (Doc. No. 25) is **DENIED**.

FILED AUG - 8 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Dated: August 8, 2001

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

The factual predicate of this action is detailed in Magistrate Judge Boyla's Report and Recommendation. For purposes of this memorandum, the Court simply notes that Plaintiff's claim is brought under the Federal Tort Claims Act ("FTCA"). Defendant contends that the claim is preempted by the Federal Employees Compensation Act ("FECA"), because Plaintiff's injury was sustained while in the performance of her duties. Accordingly, the Defendant has requested that the Court dismiss or stay the action pending a determination by the Department of Labor of whether the Plaintiff's injury is or is not covered by FECA. Magistrate Judge Boylan concluded that there is no "substantial question" of whether Plaintiff's injury is covered by FECA; rather there is no question at all that it is not. The Court agrees.

In support of its argument, Defendant relies in part on the Department of Labor's FECA procedure manual, which states:

> c. The medical procedures involved in a pre-employment medical examination come within the rule for coverage provided the person has already been appointed or hired when the examination is performed. A prospective employee is not covered for compensation benefits.

FECA Procedure Manual, Part 2-Claims, Chapter 2-804-19. In his Report and Recommendation, Magistrate Judge Boylan stated that the "FECA does not cover such injuries where the injured person had not been appointed when the examination was performed." Report and Recommendation at 5. Defendant argues that Magistrate Judge Boylan overlooked the possibility that Plaintiff had been *hired*, but not *appointed*. The Court finds this argument entirely unpersuasive.

Based on the record before the Court, the only indicia of appointment *or* hiring prior to the date of Plaintiff's physical exam was a letter containing Plaintiff's conditional offer of employment. That letter specifically stated that it was "not to be construed as a firm job offer. We [the Defendant] do not recommend that you [the Plaintiff] give notice to any employers at this time." By the obvious and incontrovertible terms of the letter, it was not even a firm job offer much less a statement that Plaintiff had been hired. Plaintiff could not even notify her former employers of her change in job status until *after* the required physical exam.

Defendant contends that Magistrate Judge Boylan's interpretation of the procedure manual would exclude all pre-employment physical examinations from FECA coverage, and it is thus wholly inconsistent with the Department of Labor's interpretation of FECA as described in the procedure manual. The Court does not agree with this conclusion. It may very well be the case that some "pre-employment" physicals take place after hiring or appointment, but on the facts of *this* case there is simply no way that a reasonable person could conclude that *this* pre-employment physical took place after hiring or appointment. The Court's order has no further reach than the particular facts presented by this case.

Defendant further argues that, even if the examination itself took place before Plaintiff was hired or appointed, some portion of the negligence occurred after the date of hire. The Court agrees with Magistrate Judge Boylan that the test is whether Plaintiff was brought within the zone of special danger by some obligation of her employment, not whether some portion of the negligent act took place after she was hired. Plaintiff was brought into the "zone of special danger" when she underwent the examination; all other negligent acts flowed from that encounter without any involvement by the Plaintiff at all.

Finally, the Defendant suggests that the Court is bound to find a "substantial question" of coverage by the mere fact that a representative of the Department of Labor, Deborah Sanford, indicated in a memorandum that there is a "significant possibility" that FECA would apply to Plaintiff's claims. As Magistrate Judge Boylan points out, this bald assertion alone is not enough to create a substantial question of coverage. Magistrate Judge Boylan does not, as Defendant suggests, dismiss Ms. Sanford's memorandum. Rather, Magistrate Judge Boylan correctly noted that Ms. Sanford does not specify the factual basis for her assertion; the Court has no way of knowing whether the record before Ms. Sanford is the same as or substantially different from the record before the Court. The Court's obligation is to determine whether, *on the record before the Court*, the Secretary of Labor could find FECA coverage. Without any indication of the substance of the record relied upon by Ms. Sanford, Ms. Sanford's memorandum is not enlightening in the least.

As Magistrate Judge Boylan points out, the Court "proceeds under the assumption that, if given the opportunity, the Secretary of Labor will get it right." The Court does not know what kind of record Ms. Sanford considered, but on the record before this Court there is simply no way the Secretary of Labor could find FECA coverage. Accordingly, the Defendant's motion to dismiss, or in the alternative to stay, is properly denied.

D.W.F.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500